# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**KEVIN EDWARD MOSES,**

      Petitioner,

**v.**

                                   **CIVIL ACTION NO.: 3:13-CV-170**
                                   **CRIMINAL ACTION NO.: 3:11-CR-47-1**
                                   **(GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 502] of United States Magistrate Judge Robert W. Trumble.[1]  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Magistrate Judge Trumble issued his R&R on October 16, 2015.  In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 435] be denied and dismissed with prejudice.  For the following reasons, the Court **ADOPTS** the magistrate judge's R&R, **DENIES** and **DISMISSES** the Petitioner's motion under § 2255, and **DENIES** the Petitioner's motion to file an amended petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] References to CM/ECF docket numbers herein refer to Criminal Action No. 3:11-CR-47-1.

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution, Butner II, on October 21, 2015. After the Court granted an extension of the objections deadline, the Petitioner timely filed his objections [ECF No. 508],[2] which the Court received on December 30, 2015. This matter is now ripe for review.

On February 25, 2013, this Court sentenced the Petitioner to a term of 262 months' incarceration, pursuant to an agreement in which the Petitioner pleaded guilty to aiding and abetting the distribution of cocaine base within 1,000 feet of a school. The 262-month sentence reflected the low end of the advisory range provided by the United States Sentencing Guidelines, taking into account a series of increases and reductions that were applicable during the calculation of the Guidelines range. The Petitioner appealed the Court's sentence shortly thereafter. On October 3, 2013, the United States Court of Appeals for the Fourth Circuit issued a decision affirming the Petitioner's sentence and dismissing his appeal. The Petitioner then filed the instant motion under § 2255, which this

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

Court received on November 22, 2013. The Government responded in opposition to the Petitioner's § 2255 motion on January 31, 2014. After granting the Petitioner leave to amend his motion and ordering a supplemental response from the Government, the magistrate judge issued his R&R.

In the R&R, the magistrate judge recommends that this Court deny and dismiss the Petitioner's § 2255 motion. The magistrate judge found that the Petitioner's argument concerning the knowing and voluntary nature of his plea agreement was without merit. The magistrate judge also rejected the Petitioner's arguments regarding equal protection, ineffective assistance of counsel, and prosecutorial misconduct. In his Court-approved form § 2255 motion, the Petitioner argues that his counsel was ineffective during appellate proceedings, because the Petitioner's counsel failed to supplement his appellate brief to reflect the Supreme Court's decision in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), which the Supreme Court issued while the Petitioner's direct appeal was pending. The Petitioner maintains that the Court's decision in Alleyne rendered his sentence invalid and that it was error for his appellate counsel to fail to raise that issue on appeal.

The magistrate judge concluded that Alleyne is entirely inapplicable in the Petitioner's case. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that any fact that increases a criminal penalty beyond an applicable statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In Alleyne, the Court held that this requirement applies equally to any fact that increases a statutory minimum sentence. 133 S. Ct. at 2158. The magistrate judge found that Alleyne has no application in this case, as the Petitioner disputes only the manner in which his sentence

was calculated pursuant to the advisory United States Sentencing Guidelines, and the Court's Guidelines calculation had no effect on the Petitioner's statutory sentencing range of one to forty years.

At this stage of the proceedings, the Petitioner puts forward only one objection to the R&R. The Petitioner argues that the magistrate judge was incorrect when he made the following statement concerning an appellate and collateral attack waiver contained in the Petitioner's plea agreement: "because Petitioner entered into a valid plea agreement, by which he waived his right to collaterally attack a sentence within the statutory maximum of forty years, he is precluded from challenging his sentence in this § 2255 based on ineffective assistance of appellate counsel." Before making this statement, the magistrate judge stated that "because Petitioner is challenging counsel's actions at sentencing and on appeal, his claim is not barred by his waiver." Accordingly, it appears that the Petitioner has highlighted an inconsistency in the analysis section of the R&R. But this Court finds that any error related to this inconsistency is harmless error. The magistrate judge discussed, in some detail, the merits of the Petitioner's ineffective assistance of counsel claim. The magistrate judge addressed the Petitioner's claim on the merits after finding that the Petitioner's claim of ineffective assistance of appellate counsel was *not* precluded by the waiver contained in his plea agreement, consistent with the principle articulated in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Ultimately, the magistrate judge concluded that the Petitioner's appellate counsel could not have been ineffective for failing to file a brief concerning Alleyne during the Petitioner's appeal, because the holding in Alleyne had no bearing on the Petitioner's criminal case. This Court reaches the same conclusion as the magistrate judge: Alleyne is inapplicable in the Petitioner's case, because

4

the Petitioner's statutory sentencing range was not affected by the Court's determinations prior to imposing the Petitioner's sentence. Accordingly, the Petitioner cannot establish that his appellate counsel was ineffective for failing to raise <u>Alleyne</u> on appeal.

In addition to asserting his objection to the R&R, the Petitioner requests leave to file an amended petition. The Petitioner avers that he intends to raise only the issue of ineffective assistance of counsel, because he "now understands that this is his only proper course of action." Federal Rule of Civil Procedure 15, which concerns amended and supplemental pleadings, is applicable to the amendment of a motion under 28 U.S.C. § 2255. <u>United States v. Pittman</u>, 209 F.3d 314, 316-17 (4th Cir. 2000). Although § 2255 imposes a one-year period of limitation, Rule 15 allows for amendments to relate back to the date of an original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Pursuant to Rule 15(a)(1), a party may amend his pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading. Here, not only have these dates passed, but the Petitioner has already been granted leave to amend his § 2255 motion once before. Accordingly, under Rule 15(a)(2), the Petitioner may amend his pleading only with the Respondent's written consent—which has not been provided—or with this Court's leave, which should be freely given when justice so requires. "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citation omitted). A proposed

amendment may be deemed futile "only where it is legally insufficient on its face." Smithfield Foods Inc. v. United Food & Commercial Workers Int'l Union, 254 F.R.D. 274, 280 (E.D. Va. 2008).

Under the circumstances presented in this case, the Court finds that an amendment on the issue of ineffective assistance of counsel would be futile. The Petitioner asserted ineffective assistance of counsel as Ground Four in his Court-approved form § 2255 motion. A response to that claim was fully briefed by counsel for the Respondent. In the R&R, the magistrate judge addressed the Petitioner's ineffective assistance of counsel claim on the merits, and this Court finds, for the reasons articulated above, that the magistrate judge reached the proper conclusion on that issue. Not only is the Petitioner's ineffective assistance of counsel claim legally insufficient on its face, it has already been litigated. For these reasons, any additional amendment on this issue would be futile.

This Court has reviewed the R&R, the Petitioner's filings and the entire record in this case, and finds that any errors in regard to the portions of the R&R to which the Petitioner does not object were harmless. Accordingly, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 15 in 3:13-CV-170; ECF No. 502 in 3:11-CR-47-1] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's Motion for Leave to File an Amended Petition [ECF No. 509 in 3:11-CR-47-1] is **DENIED**. The Court **ORDERS** that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 1 in 3:13-CV-170; ECF No. 435 in 3:11-CR-47-1] is **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED**: February 5, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE